IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JAMEL MARQUEL GRIFFIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:19-cv-304-WKW-SMD |
| ) | |
| GENERAL ELECTRIC AVIATION, ) | |
| ) | |
| Defendant. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Pro Se Plaintiff Jamel Marquel Griffin ("Plaintiff") brings this action against his former employer, Defendant General Electric Aviation ("Defendant"). *Am. Compl.* (Doc. 8) p. 1. Plaintiff asserts claims of race discrimination and unlawful retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq. Id.* Defendant moves for summary judgment on both of Plaintiff's claims. *Def.'s Am. Mot. Summ. J.* (Doc. 36) p. 1. After reviewing the summary judgment record,[1] the undersigned Magistrate Judge RECOMMENDS that Defendant's motion be GRANTED and that Plaintiff's claims be DISMISSED in their entirety WITH PREJUDICE.

**I. APPLICABLE LAW**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P.

---

[1] The summary judgment record consists of Defendant's motion for summary judgment (Doc. 36), Plaintiff's response (Doc. 38), Defendant's reply (Doc. 41), Plaintiff's surreply (Doc. 43), and Plaintiff's comparator affidavit (Doc. 45). The undersigned has provided Plaintiff notice of the summary judgment motion pending against him in accordance with *Griffin v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985), and its progeny. *Order & Notice* (Doc. 42) pp. 1–3.

1

56(a). When the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to "make a showing sufficient to establish the existence of an element essential to [its] case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The legal elements of a claim determine which facts are material and which are irrelevant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A fact is not material if a dispute over that fact would not affect the outcome of the case under the governing law. *Id.*

In reviewing a motion for summary judgment, courts must view the facts and draw reasonable inferences in the light most favorable to the nonmovant. *Scott v. Harris*, 550 U.S. 372, 378 (2007). The general rule is that a reviewing court construes a pro se party's argument liberally at the summary judgment stage. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This leniency, however, does not excuse the pro se party from conforming with procedural rules. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). Conclusory allegations that are unsupported by evidence are insufficient to create a disputed issue of material fact—even when the nonmovant is a pro se party. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

## II. UNDISPUTED FACTS

Plaintiff (a Black male) worked for Defendant from June 2014 to January 2018. *Griffin Dep.* (Doc. 40) pp. 4, 16. Defendant manufactures aviation components for jet engines and aircraft systems.[2] One of Defendant's manufacturing facilities is located in

---

[2] *GE Aviation Breaks Ground on Auburn Facility*, GE AVIATION (Oct. 31, 2011), https://www.geaviation.com/press-release/other-news-information/ge-aviation-breaks-ground-auburn-facility.

Auburn, Alabama. *Griffin Dep.* (Doc. 40) pp. 5, 21. Plaintiff began his tenure with Defendant as a Manufacturing Associate at the Auburn facility and was later promoted to Technical Associate. *Id.* at 5. During his three years of employment, Plaintiff received multiple warnings and write ups for noncompliance with Defendant's attendance policy. *Griffin Dep. Ex. 3* (Doc. 40–1) pp. 4–7.

In June 2017, Plaintiff was placed on Decision Making Leave ("DML") for twelve months after he was caught leaving his shift early, without clocking out, in violation of company policy. *Griffin Dep.* (Doc. 40) pp. 7–8; *Griffin Dep. Ex. 3* (Doc. 40–1) p. 4. In a written memorandum, Defendant warned Plaintiff that he would be terminated if he violated any company policy or procedure while on DML. *Griffin Dep. Ex. 3* (Doc. 40–1) p. 4. The memorandum specifically required Plaintiff to "not leave the premises without permission." *Id.* On December 12, 2017, Plaintiff took a day off work—despite having already used his yearly allotment of personal business days, vacation days, and unexcused absences. *Griffin Dep.* (Doc. 40) pp. 12–15.

On January 2, 2018, Defendant terminated Plaintiff's employment. *Griffin Dep.* (Doc. 40) p. 17; *Griffin Dep. Ex. 3* (Doc. 40–1) p. 3. Defendant sent Plaintiff a letter informing him that his termination was due to his unexcused absences while on DML in violation of company policy. *Griffin Dep. Ex. 3* (Doc. 40–1) p. 3. The letter noted December 12, 2017, as Plaintiff's most recent absence. *Id.* After his termination, Plaintiff emailed Defendant's Human Resources Department claiming he was targeted for his union affiliation and wrongfully terminated. *Griffin Dep. Ex. 13.* (Doc. 40–2) p. 16.

In March 2018, Plaintiff filed a formal complaint with the Equal Employment Opportunity Commission ("EEOC"). *EEOC Filings* (Doc. 1–1) p. 2. Plaintiff alleged that Defendant discriminated against him based on his race and unlawfully retaliated against him in violation of Title VII. *Id.* In February 2019, the EEOC sent Plaintiff a right-to-sue letter, notifying him of the dismissal of his charge and informing him of his rights to file his claims in federal court. *Id.* Plaintiff then filed this suit in April 2019. *Compl.* (Doc. 1) p. 1.

## III.  ANALYSIS

Plaintiff's Title VII claims fail as a matter of law. Title VII prohibits employers from discriminating or retaliating against employees on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2, *et seq*. Here, Plaintiff brings a race discrimination claim and retaliation claim against Defendant.[3] The undersigned discusses each of Plaintiff's claims in turn.

### A.  Plaintiff's Race Discrimination Claim

Plaintiff fails to establish a race discrimination claim under Title VII. A plaintiff can rely on direct or indirect evidence to establish race discrimination. *Springer v. Convergys Customer Mgmt. Grp. Inc.*, 509 F.3d 1344, 1347 (11th Cir. 2007). When a plaintiff provides no direct evidence, a court reviews the claim pursuant to the burden-shifting

---

[3] Plaintiff's amended complaint (Doc. 8) does not specifically state the legal claims he attempts to bring. However, based upon a reading of Plaintiff's original complaint (Doc. 1), his attached EEOC charge (Doc. 1-1), and the amended complaint (Doc. 8), the undersigned construes Plaintiff's amended complaint to assert claims of race discrimination and retaliation.

4

framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). *Carter v. Three Springs Residential Treatment*, 132 F.3d 635, 642 (11th Cir. 1998).

Under *McDonnell Douglas*, a plaintiff bears the initial burden of making a prima facie case of race discrimination. 411 U.S. at 802. If a plaintiff establishes a prima facie case, the burden shifts to the defendant to provide a legitimate, nondiscriminatory reason for its adverse action against the plaintiff. *Id.* If the defendant does so, the plaintiff must demonstrate that the defendant's explanation is a pretext for discrimination. *Id.* at 804.

Here, Plaintiff provides no direct evidence of race discrimination. Accordingly, the undersigned analyzes Plaintiff's race discrimination claim under the *McDonnell Douglas* framework.

### 1.   Prima Facie Case

Plaintiff has failed to make a prima facie case of race discrimination. To establish a prima facie case, a plaintiff must show that: (1) he belongs to a protected class; (2) he was subjected to an adverse employment action; (3) he was qualified to perform the job in question; and (4) he was treated less favorably than a similarly-situated employee outside his protected class. *Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1220–21 (11th Cir. 2019).

Defendant does not contest that Plaintiff is a member of a protected class, that Defendant subjected him to an adverse employment action, or that Plaintiff was qualified to perform his job. *Def.'s Am. Mot. Summ. J.* (Doc. 36) p. 5. Instead, Defendant argues that Plaintiff has failed to demonstrate that similarly-situated employees outside his protected class were treated more favorably. *Id.* Under Eleventh Circuit precedent, a plaintiff does

5

not have to show that he and his comparator are identical, but he must show that they are "similarly situated in all material respects." *Lewis*, 918 F.3d at 1229. Two employees are similarly situated when they (1) engage in the same basic conduct (or misconduct); (2) are subject to the same employment policy, guidelines, or rules; (3) ordinarily (although not invariably) are under the jurisdiction of the same supervisor; and (4) will share the same employment or disciplinary history. *Id.* at 1227–28. Two employees are not similarly situated when they engage in different conduct, are subject to different policies, or have different work histories. *Id.* at 1228.

Here, Plaintiff asserts that John Doe,[4] a White employee, "was in the exact same situation" as him but that Doe did not suffer the same consequences for missing work. *Griffin Dep.* (Doc. 40) p. 9. To support this contention, Plaintiff offers an affidavit from Doe, who was a Manufacturing Associate working in Defendant's blades area. *Doe's Affid.* (Doc. 45) p. 3. Doe avers that, despite having used his vacation days and unexcused unpaid time, he was granted permission to attend a court date in October 2017. *Id.* Doe further avers that he was advised that the day would be excused and that he would need to make up the time missed "only if there was a situation that presented itself." *Id.* Doe was able to make up his missed time as a result of another employee's absence. *Id.*

Importantly, Doe's affidavit offers no evidence of Doe's prior disciplinary history, if any, with Defendant. Indeed, the affidavit does not indicate that Doe was on DML when he incurred the absence, that he had any previous disciplinary write ups due to attendance

---

[4] The undersigned refers to this employee as "John Doe" to preserve his anonymity.

6

issues, or that he had a disciplinary record similar to Plaintiff's. Further, unlike Doe, Plaintiff was unable to make up his absence because there was no work available in his department at that time. *Griffin Dep.* (Doc. 40) pp. 9–10. These distinctions between Plaintiff and Doe are important because they show that Plaintiff and Doe were not similarly situated in all material respects. Accordingly, liberally construing the summary judgment record and drawing all reasonable inferences in Plaintiff's favor, the undersigned finds that Plaintiff has failed to establish Doe as a comparator. Therefore, Plaintiff has not established a prima facie case of race discrimination, and his Title VII discrimination claim fails.

## 2.     Legitimate Explanation & Pretext

Assuming arguendo that Plaintiff has established a prima facie case of race discrimination, his claim still fails because he has not shown that Defendant's proffered explanation for his termination was pretextual. Once a plaintiff establishes a prima facie case of discrimination, the burden shifts to the defendant to "articulate a legitimate, nondiscriminatory reason for its actions." *Lewis*, 918 F.3d at 1221. If a defendant meets this burden, the plaintiff must show that the defendant's proffered reason for the employment decision was merely a pretext for unlawful discrimination. *Id.*

Here, Defendant has provided a legitimate, non-discriminatory explanation for terminating Plaintiff's employment. It is well established in the Eleventh Circuit that unexcused absenteeism is a legitimate, non-discriminatory reason for discharging an employee. *See, e.g.*, *Word v. AT&T*, 576 F. App'x 908, 913 (11th Cir. 2014); *Joseph v. Columbus Bank & Tr. Co.*, 447 F. App'x 110, 113 (11th Cir. 2011); *Crawford v. Chao*, 158 F. App'x 216, 219 (11th Cir. 2005). Here, Defendant explains that it terminated

7

Plaintiff for incurring unexcused absences while on DML. *Griffin Dep. Ex. 3* (Doc. 40-1) p. 3. This a legitimate, non-discriminatory reason for discharging Plaintiff.

Plaintiff fails to establish that Defendant's proffered reason for terminating him was pretext for race discrimination. To establish pretext, a plaintiff must show by a preponderance of the evidence "both that the reason was false, and that discrimination was the real reason" for the adverse employment action. *Brooks v. Cnty. Comm'n of Jefferson Cnty., Ala.*, 446 F.3d 1160, 1163 (11th Cir. 2006) (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993)); *see also Taylor v. Roche*, 196 F. App'x 799, 801 (11th Cir. 2006). Here, even if Plaintiff could show that Defendant's proffered reason for his termination was false,[5] Plaintiff has provided no evidence that discrimination was the real reason for his termination.

In fact, Plaintiff has presented evidence *contrary* to the conclusion that his race was the reason for his termination. In his deposition, Plaintiff testified that he believes that his termination was "more of a union issue," and that he only marked race on his Title VII complaint because Doe is White and he is Black. *Griffin Dep.* (Doc. 40) p. 26. This admission cuts strongly against concluding that discrimination was the real reason for Defendant's employment decision, as Plaintiff himself suggests that his union activity was the impetus for his termination. Thus, after liberally construing Plaintiff's testimony and the evidence in the record, and drawing all reasonable inferences in Plaintiff's favor, the

---

[5] Plaintiff has testified that the absence he incurred leading to his termination was excused. To the extent that this testimony shows Defendant's proffered reason for termination is false, Plaintiff must still show that discrimination was the real reason for his termination for his claim to survive. As explained below, Plaintiff has not done so and, therefore, his race discrimination claim fails.

8

undersigned finds that Plaintiff has failed to establish that Defendant's proffered explanation for his termination was pretext for race discrimination. Thus, his claim fails as a matter of law.

### B. Plaintiff's Unlawful Retaliation Claim[6]

Plaintiff has failed to establish a triable unlawful retaliation claim under Title VII. Title VII unlawful retaliation claims are analyzed under the same legal framework as Title VII race discrimination claims. *See Johnson v. Miami-Dade Cnty.*, 948 F.3d 1318, 1325 (11th Cir. 2020). That is, when a plaintiff provides no direct evidence of unlawful retaliation, a court analyzes the claim pursuant to the *McDonnell Douglas* framework. *See supra* Section III.A. Here, Plaintiff provides no direct evidence of unlawful retaliation. Thus, the undersigned analyzes his unlawful retaliation claim pursuant to *McDonnell Douglas*.

To establish a prima facia case of unlawful retaliation, a plaintiff must show that: (1) he engaged in an activity statutorily protected under Title VII; (2) he suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse action. *Rennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001). Union involvement or affiliation is not a protected activity under Title VII. *Burke v. Brennan*, 2017 WL 487021, at *6 (N.D. Fla. Feb. 6, 2017), *aff'd sub nom. Burke v. Postmaster Gen.*, 719 F. App'x 986 (11th Cir. 2018); *Wallace v. Duval Cnty. Pub. Sch.*

---

[6] Defendant argues that Plaintiff's retaliation claim is preempted by the National Labor Relation Board's exclusive jurisdiction over protected union activity in the workplace. *Def.'s Am. Mot. Summ. J.* (Doc. 36) p. 7. The Court does not address this argument and analyzes Plaintiff's claims under Title VII. *Pl.'s Compl.* (Doc. 1) pp. 1–2.

9

*Sys.*, 2009 WL 10670775, at *7 (M.D. Fla. Nov. 16, 2009), *aff'd*, 387 F. App'x 899 (11th Cir. 2010); *Oden v. Lockheed Martin ASCO*, 2008 WL 542676, at *10 (N.D. Ga. Feb. 22, 2008); *Walker v. Starwood Hotels & Resorts Worldwide, Inc.*, 2011 WL 13298538, at *4 n.3 (M.D. Fla. June 6, 2011); *Fisher v. Walt Disney World Swan & Dolphin*, 2010 WL 4262042, at *7 n.17 (M.D. Fla. Oct. 28, 2010).

Here, Plaintiff alleges that he was terminated in retaliation for his involvement in union activity. *Am. Compl.* (Doc. 8) p. 1; *Compl.* (Doc. 1) p. 2; *Griffin Dep.* (Doc. 40) pp. 26–27. Plaintiff's union activity is not statutorily protected activity for purposes of Title VII. Because Plaintiff has provided no other evidence to suggest that he engaged in statutorily protected activity, he has not made a prima facie case of unlawful retaliation. Thus, liberally construing the summary judgment record and drawing all reasonable inferences in Plaintiff's favor, the undersigned finds that Plaintiff has failed to establish an unlawful retaliation claim under Title VII.

## IV.   CONCLUSION

Plaintiff's Title VII claims fail as a matter of law. First, Plaintiff has failed to establish a triable claim of race discrimination under Title VII. Second, Plaintiff has failed to state a triable claim of unlawful retaliation under Title VII. Accordingly, it is the

RECOMMENDATION of the undersigned Magistrate Judge that Defendant's motion for summary judgment (Doc. 36) be GRANTED and that Plaintiff's claims be DISMISSED in their entirety WITH PREJUDICE.

Additionally, it is ORDERED that the parties shall file any objections to this Recommendation on or before **June 18, 2021**. A party must specifically identify the factual

findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 4th day of June, 2021.

_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE